IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RASUN ATON : CIVIL ACTION
:
v. :
:
RACHEL McHENRY : NO. 08-cv-01758-JF

MEMORANDUM AND ORDER

Fullam, Sr. J. January 7, 2010

After a two-day trial, the jury returned a verdict in favor of the defendant, in this motor vehicle accident case. Plaintiff's counsel has now filed a motion for a new trial, covering 26 (unnumbered) pages, covering 115 numbered paragraphs. Remarkably, the motion is accompanied by a memorandum of law in support of the motion, which also covers 26 pages (the paragraphs are not numbered). As nearly as can be determined, the memorandum of law is simply a copy of the motion itself.

Plaintiff, a member of the military, was driving south on Route 611 near the Willow Grove Air Station. Defendant, a 16-year-old novice driver, was proceeding in a northerly direction on Route 611. At an intersection controlled by a traffic light, the defendant started to make a left turn into the intersection but her vehicle was struck by plaintiff's vehicle.

Defendant's testimony was to the effect that she observed plaintiff's car change lanes, and believed plaintiff was going to make a left turn in front of her.

While a verdict in favor of the plaintiff would not have been surprising, there is no basis for second-guessing the jury on this purely factual dispute.  It was obvious that both drivers were firmly convinced that the other was at fault.  The jury could readily have concluded, for example, that plaintiff was traveling at an excessive speed, hence defendant was not at fault for believing she could safely complete her turn before plaintiff's arrival at the intersection; or that defendant reasonably believed that the plaintiff was about to make a left turn in front of her, in the same intersection.

A principal thrust of plaintiff's post-trial argument is that the jury found as a fact that the defendant was not negligent at all, whereas, in the judgment of plaintiff's counsel, she should have been found at least partially at fault.  I am not prepared to second-guess the jury on this point.

I have not been made aware of any significant errors in the course of the trial.  The jury was properly instructed.  The motion for a new trial will be denied.

An Order follows.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.